1

2

3

4

5

6

7

8                       **UNITED STATES DISTRICT COURT**

9                    **F EASTERN DISTRICT OF CALIFORNIA**

10

11   DANIEL JEFFERS,                          No. 1:23-cv-00571-JLT-EPG (HC)

12                  Petitioner,               ORDER ADOPTING FINDINGS AND
                                              RECOMMENDATIONS, DISMISSING
13        v.                                  PETITION FOR WRIT OF HABEAS
                                              CORPUS, DIRECTING CLERK OF COURT
14   TRATE,                                   TO CLOSE CASE, AND DECLINING TO
                                              ISSUE CERTIFICATE OF APPEALABILITY
15                  Respondent.
                                              (Doc. 5)
16

17

18        Daniel Jeffers is a federal prisoner proceeding *pro se* with a petition for writ of habeas

19   corpus brought pursuant to 28 U.S.C. § 2241. This matter was referred to a United States

20   Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 302.

21        The magistrate judge issued findings and recommendations recommending that the

22   petition for writ of habeas corpus be dismissed for lack of jurisdiction. (Doc. 5.) The findings and

23   recommendations were served on the parties and contained notice that any objections thereto

24   were to be filed within thirty days after service. To date, no objections have been filed, and the

25   time for doing so has passed.

26        According to provisions of 28 U.S.C. § 636(b)(1)(C), the Court has conducted a *de novo*

27   review of the case. Having carefully reviewed the entire file, the Court holds the findings and

28   recommendation to be supported by the record and proper analysis.

1

1    Having found that Petitioner is not entitled to habeas relief, the Court now turns to

2   whether a certificate of appealability (COA) should issue. *See Harrison v. Ollison*, 519 F.3d 952,

3   958 (9th Cir. 2008) ("Where a petition purportedly brought under § 2241 is merely a 'disguised'

4   § 2255 motion, the petitioner cannot appeal from the denial of that petition without a COA."). A

5   petitioner seeking a writ of habeas corpus has no absolute entitlement to appeal a district court's

6   denial of his petition, and an appeal is only allowed in certain circumstances. *Miller-El v.*

7   *Cockrell*, 537 U.S. 322, 335–36 (2003); 28 U.S.C. § 2253. To obtain a certificate of appealability

8   under 28 U.S.C. § 2253(c), a petitioner "must make a substantial showing of the denial of a

9   constitutional right, . . . includ[ing] showing that reasonable jurists could debate whether (or, for

10   that matter, agree that) the petition should have been resolved in a different manner or that the

11   issues presented were 'adequate to deserve encouragement to proceed further.'" *Slack v.*

12   *McDaniel*, 529 U.S. 473, 483–84 (2000) (quoting *Barefoot v. Estelle*, 463 U.S. 880, 893 & n.4

13   (1983)).

14    The court finds that reasonable jurists would not find the court's determination that the

15   petition should be dismissed debatable or wrong, or that petitioner should be allowed to proceed

16   further. Therefore, the Court declines to issue a certificate of appealability. Accordingly, the

17   Court **ORDERS**:

18    1.   The findings and recommendations issued on May 5, 2023 (Doc. 5) are **ADOPTED**.

19    2.   The petition for writ of habeas corpus is **DISMISSED**.

20    3.   The Clerk of Court is directed to close the case.

21    4.   The Court declines to issue a certificate of appealability.

22

IT IS SO ORDERED.

23

24    Dated:   **July 12, 2023**                                   _____

UNITED STATES DISTRICT JUDGE

25

26

27

28

2